**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 98-4162

WILTON FELIPE BELTRE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-96-197-F)

Argued: March 5, 1999

Decided: August 23, 1999

Before WIDENER and NIEMEYER, Circuit Judges, and
BROADWATER, United States District Judge for the Northern
District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Webb Plyler, MCMILLAN, SMITH &
PLYLER, Raleigh, North Carolina, for Appellant. Christine Witcover
Dean, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee. **ON BRIEF:** Janice McKenzie Cole, United States Attor-
ney, Anne M. Hayes, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wilton Felipe Beltre appeals his jury convictions of conspiracy to possess with intent to distribute and distribution of crack cocaine in violation of 21 U.S.C. § 846 (1994). The district court sentenced Beltre to imprisonment for 324 months. On appeal, Beltre raises three issues. First, he claims the district court abused its discretion in denying his motion in limine and allowing a witness to testify to the content of data stored in a data memory calculator. Second, he asserts the district court abused its discretion in prohibiting his attorney from questioning a witness on cross-examination concerning an exculpatory portion of a statement not covered during direct examination. Beltre's final claim is that the penalty distinctions between powder and crack cocaine in the United States Sentencing Guidelines violate his rights under the Equal Protection Clause of the Constitution. Finding no error, we affirm the judgments of conviction and his sentence.

I.

At Beltre's trial, the Government presented evidence that he sold drugs in New York. Terrence Cooke, Okino Ramsey, Clinton Brinson, Lisa Arrington, and Jermaine Morris, all drug dealers operating in North Carolina, testified that they purchased crack cocaine from Beltre. Cooke and Ramsey also testified that Levy Stephen mailed packages from New York containing cocaine which Stephen purchased from Beltre.

Cooke and Ramsey were arrested by Postal Inspector Gerald Cucurullo when a package of cocaine, previously intercepted by postal authorities, was delivered to them. At the time of their arrest, Inspector Cucurullo seized a Radio Shack data memory calculator from Ramsey. They subsequently gave Inspector Cucurullo Beltre's name and his pager number.

2

At the time of his arrest, Beltre was in possession of two pagers, one of which had pager number (917) 243-1311. This was the number that Cooke and Ramsey previously gave to Inspector Cucurullo. As well, business cards reflecting Beltre's name and this pager number were recovered from the car Beltre was driving at the time of arrest.

After Ramsey began to cooperate with law enforcement, his attorney gave Inspector Cucurullo information on how to access a coded area in the data memory calculator. This coded area also contained Beltre's pager number. At trial, Inspector Cucurullo testified that he had previously accessed Beltre's first name and pager number from the calculator. While he initially was unable to retrieve the number using the sequence given, he stated that he eventually accessed Beltre's name and number by altering the sequence. Ramsey also testified that he had forgotten the sequence necessary to access the coded information.

Beltre filed a motion in limine to exclude Inspector Cucurullo's testimony concerning the previously accessed information from Ramsey's data memory calculator. At the time of the trial, the data memory calculator was in operating condition. There was no evidence that it malfunctioned. There was no indication that the evidence was lost through any bad faith on the part of the Government. The district court denied this motion.

Beltre claims on appeal that the data memory calculator is the functional equivalent of a computer. He maintains that the calculator's output readable by sight in the display window is the only original as contemplated by Fed. R. Evid. 1001(3) and 1002. Therefore, he argues this is the best evidence of the information sought to be introduced.

In denying the motion in limine, the district court focused on the fact that the Inspector's oral testimony of what he observed from the display window of the calculator was being offered to prove only that the Inspector observed the existence of Beltre's name and pager number possessed by someone else in the drug conspiracy. The district court ruled its use was not for any other purpose, such as the truth of whether the number in fact belonged to Beltre. The Government contends that the original is for all intents and purposes "lost" as contem-

3

plated by Fed. R. Evid. 1004(1) and that the district court did not abuse its discretion in allowing the testimony.

The purpose of the best evidence rule is to prevent inaccuracy or fraud. See United States v. Ross, 33 F.3d 1507, 1513 (11th Cir. 1994) (holding that transcripts of audiotapes destroyed by Spanish National Police in ordinary course of business were admissible); United States v. Dudley, 941 F.2d 260, 264 (4th Cir. 1991) (allowing admission of business records summary of federal reserve bank concerning currency source as "best evidence" of destroyed records). Therefore, secondary evidence, where reliable, is admissible when the primary evidence is unavailable. Id. Here, there was no evidence or argument raised either at trial or on appeal that Inspector Cucurullo's testimony as to what he saw on the calculator's display window was inaccurate or untrustworthy. We also note that Beltre had ample opportunity to attack the credibility of Cucurullo's testimony or the reliability of the calculator before the jury. Accordingly, we decline to hold that the district court's admission of the evidence was an abuse of discretion. See United States v. Gravely, 840 F.2d 1156, 1162 (4th Cir. 1988).

II.

Beltre's second issue on appeal concerns the district court's exclusion from evidence of an exculpatory statement made by Beltre following his arrest. Levy Stephen was an alleged co-conspirator of Beltre who pled guilty to the conspiracy charge. Cooke and Ramsey testified that Stephen purchased crack cocaine from Beltre in New York and mailed it to Cooke and Ramsey. Stephen did not testify.

On direct examination, Inspector Cucurullo testified about a statement Beltre made to him on the day of his arrest in New York. Specifically, he said that he showed Beltre a photograph of Stephen and that Beltre indicated he had seen Stephen a long time ago. When Inspector Cucurullo asked Beltre how he knew Stephen, Beltre's response was that Stephen had "purchased something from him in the past." On cross-examination, Beltre's attorney tried to question Inspector Cucurullo about a subsequent portion of Beltre's statement. Beltre had said "no" when the Inspector asked if Stephen had purchased drugs from him. However, the Government objected before

4

Inspector Cucurullo answered. The district court sustained the objection.

Beltre now challenges the district court's refusal to allow his attorney to question Inspector Cucurullo about the exculpatory part of the statement. Beltre claims that the district court abused its discretion in not permitting his attorney to elicit from Inspector Cucurullo Beltre's complete statement. He claims that, under the Fed. R. Evid. 106 fairness standard, the exculpatory portion of a defendant's statement should be admitted where it is relevant to an issue in the case and necessary to clarify or explain the portion received into evidence.

In United States v. Wenzel, 311 F.2d 164 (4th Cir. 1962), we held that ordinarily a defendant's entire statement should be admitted under the rule of completeness:

> When a confession is admissible, the whole of what the accused said upon the subject at the time of making the confession is admissible and should be taken together; and if the prosecution fails to prove the whole statement, the accused is entitled to put in evidence all that was said to and by him at the time which bears upon the subject of the controversy including any exculpatory or self-serving declarations connected therewith.

Id. at 168 (citations omitted). However, we note that Beltre's statement was not introduced into evidence in written or recorded form. While Inspector Cucurullo prepared a written report of the interview, it was not verbatim, and Beltre did not sign the report. Therefore, we question whether the rule of completeness even applies to this case. See United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996) (holding that the rule of completeness "applies only to writings or recorded statements, not to conversations"); see also Fed. R. Evid. 106, advisory committee notes. Furthermore, even if the rule were to apply, we would conclude as a matter of law that the district court's exclusion of the portion of Beltre's statement did not rise to the level of an abuse of discretion. See United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993) (setting forth standard). This is based upon the ample evidence of Beltre's drug dealing introduced at trial, including

5

Cooke and Ramsey's testimony that Stephen in fact purchased the crack cocaine from Beltre.

We find that the evidentiary rules which properly govern the admissibility of Beltre's exculpatory statement are contained within the hearsay rule and the exceptions to that rule. See Fed. R. Evid. 801, 802, 803, and 804. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Admissions by a party-opponent are not considered hearsay and can be admitted against that party. Fed. R. Evid. 801(d)(2). Therefore, during direct examination, the Government properly introduced the inculpatory statement made by Beltre that he sold something to Stephen. There is no exception provided in the rules for a self-serving, exculpatory statement made by a party, which is sought for admission by that same party. See Fed. R. Evid. 803, 804; Wilkerson, 84 F.3d at 696. Accordingly, because the exculpatory statement at issue here was pure hearsay and no exception enumerated in the rules permits its introduction, we find that the district court did not abuse its discretion in prohibiting its admission.

III.

We find Beltre's last claim, that the penalty distinctions between powder and crack cocaine are violative of the Equal Protection Clause, likewise to be without merit. This Court has considered this claim many times before, and we decline Beltre's invitation to revisit our prior decisions holding that the disparity in sentencing between cocaine base and powder cocaine offenses is constitutionally permissible. See United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995).

IV.

Finding no error in any of the claims on appeal, Beltre's conviction is

AFFIRMED.

6